UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY WAYFER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; DOE 1 (STORE MANAGER); and DOES 2-50, INCLUSIVE<br><br>Defendants. | No. 2:24-cv-03097-JAM-AC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL** |

Before the Court is Costco Wholesale Corp.'s ("Defendant") motion to disqualify Plaintiff's counsel. See Mot., ECF No. 5. Johnny Wayfer ("Plaintiff") opposes. See Opp'n, ECF No. 6. Defendant replied, though it failed to comply with the Court's order regarding filing requirements. See Reply, ECF No. 8; Order re Filing Requirements, ECF No. 2-2. For the following reasons, Defendant's motion is DENIED.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed suit in the Superior Court of California, County of San Joaquin. See Notice of Removal, ECF

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 7, 2025.

1

1  No. 1.  Defendant then timely removed the case to federal court
2  under diversity jurisdiction.  See id.; see also 28 U.S.C.
3  § 1441.
4     This controversy arises out of Plaintiff's slip and fall
5  while at Defendant's store.  See Notice of Removal at 2.
6  Plaintiff asserts causes of action for negligence and premises
7  liability.  See id.
8     Defendant now moves to disqualify Plaintiff's counsel,
9  Downtown L.A. Law Group ("DTLA").  See Mot.  Defendant argues
10 that Anthony Werbin, a DTLA attorney who previously represented
11 Defendant, has not been timely and effectively screened.  See id.
12 at 1-2.  Plaintiff counters that Mr. Werbin is not affiliated
13 with this case and has been screened.  See Opp'n at 4-5.
14                          II.   OPINION
15   A.   Legal Standard
16    Motions for disqualification of counsel are governed by
17 state law.  In re County of Los Angeles, 223 F.3d 990, 995 (9th
18 Cir. 2000).  California law seeks to "protect the
19 confidentiality of the attorney-client relationship," and
20 prohibits attorneys from accepting "employment adverse to the
21 . . . former client" without the former client's written consent
22 if the attorney "has obtained confidential information material
23 to the employment."  People ex rel. Dep't of Corps. v. SpeeDee
24 Oil Change Sys., Inc., 20 Cal.4th 1135, 1146 (1999) (quoting
25 Cal. R. of Prof. Conduct 3-310(E)).  A "former client may seek
26 to disqualify a former attorney from representing an adverse
27 party by showing the former attorney actually possesses
28 confidential information adverse to the former client."  H.F.

1  Ahmanson & Co. v. Salomon Bros., 229 Cal.App.3d 1445, 1452
2  (1999).
3       "Once the moving party in a motion for disqualification has
4  established that an attorney is tainted with confidential
5  information, a rebuttable presumption arises that the attorney
6  shared that information with the attorney's law firm.  The
7  burden then shifts to the challenged law firm to establish that
8  the practical effect of formal screening has been achieved.  The
9  showing must satisfy the trial court that the tainted attorney
10 has not had and will not have any involvement with the
11 litigation, or any communication with attorneys or employees
12 concerning the litigation, that would support a reasonable
13 inference that the information has been used or disclosed."
14 Kirk v. First Am. Title Ins. Co., 183 Cal. App. 4th 776, 809-10
15 (2010) (cleaned up).
16      The disqualification of counsel is "generally disfavored
17 and should only be imposed when absolutely necessary."  Concat
18 LP v. Unilever, PLC, 350 F.Supp.2d 796, 814 (N.D. Cal. 2004);
19 see also Sharp v. Next Ent. Inc., 163 Cal. App. 4th 410, 424
20 (2008).
21      B.   Request for Judicial Notice
22      Under Federal Rule of Evidence 201, a district court may
23 take judicial notice of a fact that is "not subject to
24 reasonable dispute because it can be accurately and readily
25 determined from sources whose accuracy cannot reasonably be
26 questioned."  Fed. R. Evid. 201(b)(2).  A court "may take notice
27 of proceedings in other courts, both within and without the
28 federal judicial system, if those proceedings have a direct

relation to matters at issue." Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (citation omitted).

Defendant requests that the Court take judicial notice of other court proceedings, declarations, and complaints filed by Mr. Werbin when he represented Defendant. See Request for Judicial Notice, ECF No. 5-1. Plaintiff opposes Defendant's request in its entirety, stating that the Court can take judicial notice only for the existence of these documents, not for the truth of the matters asserted therein. See Plaintiff's Opposition to Judicial Notice, ECF No. 6-1.

Because all requested documents "have a direct relation to matters at issue" in this case, the Court GRANTS Defendant's request in its entirety. See U.S. Ex. Rel. Robinson Rancheria Citizens Council v. Boreno, Inc., 917 F.2d 244, 248 (9th Cir. 1992). However, as Plaintiff points out, the Court takes judicial notice only of the existence of these documents, not of the truth asserted in them. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

C. Disqualification

The Court assumes arguendo that Defendant has met its burden of demonstrating a "substantial relationship" between this case and the cases in which Mr. Werbin represented Defendant. See Antelope Valley Groundwater Cases, 30 Cal. App. 5th at 617. The Court therefore focuses on whether DTLA has screened Mr. Werbin.

While the "elements of an effective screen" vary, two elements are essential: (1) the screen must be timely imposed before a court's order on the disqualification motion; and

4

1  (2) the firm must impose "preventive measures to guarantee that
2  information will not be conveyed." Kirk, 183 Cal. App. 4th at
3  810.  Other elements of a screen include the physical separation
4  of attorneys, prohibitions on discussing confidential matters,
5  established rules preventing access to confidential information,
6  procedures preventing a disqualified attorney from sharing in
7  the profits from the representation, and continuing education in
8  professional responsibility.  Id. at 810-11.
9      Based on the evidence provided, DTLA has met its burden of
10 showing that it has an effective screening in place.  Mr. Werbin
11 has never been assigned to this case.  Declaration of Anthony
12 Werbin ¶ 14, ECF No. 6-4.  He does not discuss cases concerning
13 Defendant with other attorneys at DTLA.  Id.  He also will not
14 share in any of the profits from DTLA's representation of this
15 matter.  Id. ¶ 15.  Defendant provides no evidence contradicting
16 these statements.
17     Most importantly, Mr. Werbin cannot access any documents
18 related to this case because DTLA implemented a software change
19 in December 2021 that prohibits him from accessing any cases
20 that involve Defendant.  Id. ¶ 16.  The only crack in this
21 screen that Defendant mentions is that Mr. Werbin was
22 inadvertently listed as counsel of record for a case involving
23 Defendant in 2024, but even then he was not able to access any
24 documents or information related to that matter.  See id. ¶ 23;
25 Mot. at 6-7.  Another DTLA attorney, Alex Vandenberg, declares
26 that he was the counsel of record for that case involving
27 Defendant, and that his name and Mr. Werbin's were mistakenly
28 switched by the administrative employee who filed the

complaints.  See Declaration of Alex Vandenberg ¶¶ 3-4, ECF No. 6-2.  Notably, DTLA took disciplinary action against this administrative employee for her mistake because it created the appearance of an ethical breach, and DTLA confirmed that—despite the mislabeling of counsel of record on the court filing—Mr. Werbin did not have access to the case file or any related documents.  See Declaration of Amira Rezkallah ¶¶ 8-10, ECF No. 6-3.

Because these preventive measures were implemented before this litigation started, DTLA has shown that "the practical effect of formal screening has been achieved" such that Mr. Werbin "has not had and will not have any involvement with the litigation, or any communication with attorneys or employees concerning the litigation."  See Kirk, 183 Cal. App. 4th at 810.

D. Sanctions for Failure to Comply with the Court's Order

Defendant's Reply exceeded the Court's page limit.  See Order re Filing Requirements at 1.  Defendant's Reply was ten pages, and the filing requirements limit this brief to five pages and call for sanctions of $50 per page exceeding the limit.  See id.; Reply.  Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with . . . any order of the Court."  Therefore, Defendant's counsel, Nathaniel Dunn, is ordered to pay $250.00 to the Clerk of the Court.

III.  ORDER

Because the Court finds that DTLA has imposed a timely and effective screen, Defendant's motion to disqualify Plaintiff's counsel is DENIED.

1      It is further ordered that, within ten (10) days of this
2 Order, Nathaniel Dunn shall pay sanctions of $250.00 to the Clerk
3 of the Court.
4      IT IS SO ORDERED.
5 Dated: January 10, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE